**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES INC. | |
| Plaintiff, | |
| v. | Civil Action No. 11-CV-02 |
| DASHWIRE, INC., | |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Synchronoss Technologies Inc.("Plaintiff" or "Synchronoss"), for its Complaint against Defendant Dashwire, Inc. ("Defendant" or "Dashwire"), herein alleges as follows:

**THE PARTIES**

1.     Plaintiff Synchronoss is a company incorporated under the laws of Delaware having a business address at 750 Route 202 South, Suite 600, Bridgewater, New Jersey 08807.

2.     Upon information and belief, Dashwire is a privately held company incorporated under the laws of Delaware, having a business address at 936 N. 34th Street, Seattle Washington, 98103.

**JURISDICTION AND VENUE**

3.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that

1

a substantial part of the events giving rise to the patent infringement claims herein have taken place and are still taking place in this judicial district.

5.      The Court has personal jurisdiction over Dashwire under Wis. Stat. § 801.05(1), (3), and (4) because Dashwire is engaged in substantial and not isolated activities within this state, including providing, using, offering for sale, and selling its infringing product mIQ within this State and judicial district as well as bundling it with cell phones that are offered for sale, sold, and used within this State and judicial district.  Due to these infringing activities, Synchronoss has suffered injury in this judicial district.  Upon information and belief, Dashwire also directly solicits, promotes, and provides its infringing product mIQ in this State and judicial district through its active website at www.miqlive.com, from which consumers can directly access and download the mIQ product.

## SYNCHRONOSS' PATENTS

8.      On December 30, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,671,757 (the "'757 Patent"), entitled "Data Transfer and Synchronization System". A true and correct copy of the '757 Patent is attached hereto as Exhibit A.  Plaintiff is the owner of the '757 patent by assignment.

9.      On June 29, 2004, the United States Patent and Trademark Office duly issued and legally United States Patent No. 6,757,696 (the "'696 Patent"), entitled "Management Server for Synchronization System". A true and correct copy of the '696 Patent is attached hereto as Exhibit B.  Plaintiff is the owner of the '696 patent by assignment.

10.      On March 17, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,505,762 (the "'762 Patent"), entitled "Wireless Telephone Data Backup System". A true and correct copy of the '762 Patent is

attached hereto as Exhibit C.  Plaintiff is the owner of the '762 patent by assignment.

11.     On September 8, 2009, the United States Patent  and Trademark Office duly and legally issued United States Patent No. 7,587,446 (the " '446 Patent"), entitled "Acquisition And Synchronization Of Digital Media To A Personal Information Space".  A true and correct copy of the '446 patent is attached hereto as Exhibit D.  Plaintiff is the owner of the '446 patent by assignment.

12.     On January 5, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,643,824 (the "'824 Patent"), entitled "Wireless Telephone Data Backup System". A true and correct copy of the '824 Patent is attached hereto as Exhibit E.  Plaintiff is the owner of the '824 patent by assignment.

## COUNT I — INFRINGEMENT OF THE '757 PATENT

13.     Synchronoss restates and incorporates by reference paragraphs 1 through 12 as if fully stated herein.

14.     Defendant has infringed and is still infringing the '757 patent by making, selling, offering for sale, and using the mIQ product, and Defendant will continue to do so unless enjoined by this court.

15.     As a direct and proximate result of Defendant's direct infringement of the '757Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II — INFRINGEMENT OF THE '696 PATENT

16.     Synchronoss restates and incorporates by reference paragraphs 1 through 15 as if fully stated herein.

17.     Defendant has infringed and is still infringing the '696 patent by making,

selling, offering for sale, and using the mIQ product, and Defendant will continue to do so unless enjoined by this court.

18.     As a direct and proximate result of Defendant's direct infringement of the '696 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

### COUNT III — INFRINGEMENT OF THE '762 PATENT

19.     Synchronoss restates and incorporates by reference paragraphs 1 through 18 as if more fully stated herein.

20.     Defendant has infringed and is still infringing the '762 patent by making, selling, offering for sale, and using the mIQ product, and Defendant will continue to do so unless enjoined by this court.

21.     As a direct and proximate result of Defendant's direct infringement of the '762 patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

### COUNT IV — INFRINGEMENT OF THE '446 PATENT

22.     Synchronoss restates and incorporates by reference paragraphs 1 through 21 as if more fully stated herein.

23.     Defendant has infringed and is still infringing the '446 patent by making, selling, offering for sale, and using the mIQ product, and Defendant will continue to do so unless enjoined by this court.

24.     As a direct and proximate result of Defendant's direct infringement of the '446 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate

remedy at law.

## COUNT V — INFRINGEMENT OF THE '824 PATENT

25.     Synchronoss restates and incorporates by reference paragraphs 1 through 24 as if more sully stated herein.

26.     Defendant has infringed and is still infringing the '824 patent by making, selling, offering for sale, and using the mIQ product, and Defendant will continue to do so unless enjoined by this court.

27.     As a direct and proximate result of Defendant's direct infringement of the '824 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

**WHEREFORE,** Plaintiff demands:

(a)     judgment that Defendant has infringed each of the asserted patents,

(b)     permanent injunctive relief prohibiting further infringement of the asserted Patents;

(c)     damages for Defendant's infringements;

(d)     prejudgment interest on the damages;

(e)     costs for this lawsuit; and

(f)     any other relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable to the jury.

Dated this 4th day of January, 2011.

         _s/ James D. Peterson_____
James D. Peterson
jpeterson@gklaw.com
Jennifer L. Gregor
jgregor@gklaw.com
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53701-2719
Telephone: (608) 257-3911

Nicholas A. Kees
nakees@gklaw.com
Godfrey & Kahn, S.C.
780 N. Water Street
Milwaukee, WI  53202
Telephone: (414) 273-3500

Mark Hogge
mark.hogge@snrdenton.com
SNR Denton US LLP
1301 K. Street, NW
Washington, D.C. 20005
Telephone: (202) 408-6400

*Of Counsel:*

Shailendra Maheshwari
shailendra.maheshwari@snrdenton.com
SNR Denton US LLP
1301 K. Street, NW
Washington, D.C. 20005
Telephone: (202) 408-6400

Joel N. Bock
joel.bock@snrdenton.com
SNR Denton US LLP
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Telephone: (973) 912-7100

*Attorneys for Plaintiff Synchronoss Technologies Inc.*

5803313_2