UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

SYNCHRONOSS TECHNOLOGIES, INC.

        Plaintiff,

v.                                                      CASE NO. 11-CV-02

DASHWIRE, INC.

        Defendant.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

---

Defendant Dashwire, Inc. ("Dashwire"), through undersigned counsel, respectfully moves this Court to dismiss Synchronoss Technologies, Inc.'s ("Synchronoss") Complaint for patent infringement (the "Complaint") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) in view of the heightened pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*.

## I.    INTRODUCTION

Under the recent holdings of the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("*Iqbal*"), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), Synchronoss must do more than merely state that the law has been violated. Synchronoss must plead sufficient facts to show that it has a plausible claim for relief. Synchronoss' Complaint fails to identify: (a) how Dashwire has allegedly infringed the patents-in-suit; (b) the underlying technology at issue; (c) any products or services offered by Dashwire that are alleged to infringe, (d) that Dashwire was put on notice of such alleged infringement, or (e) whether Synchronoss complied with its statutory requirement to mark its products with its patent numbers. Instead,

Synchronoss' Complaint makes identical conclusory and unsupported allegations with respect to five different patents against one product which *is not even* Dashwire's. Synchronoss' Complaint falls short of any pleading standard for a patent infringement action, and woefully short of the pleading standard established by the Supreme Court in *Iqbal* and *Twombly*. Synchronoss' Complaint is so devoid of any facts to support its allegations that it is impossible for Dashwire to reasonably prepare a defense. Indeed, Dashwire is unable even to determine if it is the correct defendant. Accordingly, the Complaint should be dismissed.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.   Legal Standard

The Supreme Court has recently held that the pleading standard set forth in Fed. R. Civ. Rule 8 demands something more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading is fatally inadequate if it is either simply "an unadorned, the defendant-unlawfully-harmed-me accusation," or a "complaint [which] . . . tenders 'naked assertions' devoid of 'further factual enhancement.'" *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

"A claim has factual plausibility when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (Emphasis added.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a

2

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, ***they must be supported by factual allegations***. Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. (Emphasis added.)

B. **Plaintiff's Patent Infringement Claim Fails Under Iqbal and Twombly**

Synchronoss' claim for patent infringement contains nothing more than the "labels and conclusions" and "naked assertions" that the Supreme Court rejected in *Iqbal*. More specifically, the Complaint alleges infringement of five different patents, yet the allegations of infringement are identical for all five. For all five patents, the totality of the substantive allegations consists of a single sentence repeated five times: "Defendant has infringed and is still infringing the [] patent by making, selling, offering for sale, and using the mIQ product, and Defendant will continue to do so unless enjoined by this court." Complaint at ¶¶ 14, 17, 20, and 23.

All the allegations of infringement are entirely conclusory, and the Complaint alleges exactly *one* fact in support of those allegations: that Dashwire has an mIQ product. Even *that* factual allegation is false as Dashwire does not now nor has it ever had a product named mIQ.[1] Indeed, Synchronoss' one and only factual allegation does nothing except exacerbate the problem because Dashwire has no way of determining whether Synchronoss is actually alleging

---

[1] Given Synchronoss' Rule 11 obligation to perform a pre-filing investigation, it is difficult to imagine how Synchronoss was unable even to identify one *actual* Dashwire product whether it infringed or not, which calls into question whether such a pre-filing investigation was ever performed. See *View Eng'g, Inc. v. Robotic Vision Sys., Inc*., 208 F.3d 981, 986 (Fed. Cir. 2000)(Rule 11 requires that a plaintiff compare the claims of a patent to defendant's product before filing suit.)

3

indirect infringement based on a combination of services with Dashwire's client, who *does* have an mIQ product.  Indeed, Dashwire is unable to tell from the Complaint whether Synchronoss even identified the proper defendant.

As the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement, do not suffice."  *Iqbal,* 129 S. Ct. 1038, 1949.  Such "threadbare recitals" are all that Synchronoss has offered here, and are the reason that its Complaint should be dismissed.

C. **The Complaint Does Not Even Comply with the Minimal Pleading Requirements of The Federal Rules of Civil Procedure Form 18**

Before *Iqbal* and *Twombly*, the bare minimum required for pleading a claim of patent infringement was as set forth in Form 18 of the Fed R. Civ. P.  Today, Form 18 is widely criticized as failing the pleading standard established by *Iqbal* and *Twombly*.  Accordingly, a complaint which does not even satisfy the Spartan requirements of Form 18 cannot possibly hope to satisfy the more strict pleading requirements of today. See *Elan Microelectronics Corp. v. Apple, Inc*., 2009 WL 2972374, *2 (N.D. Cal. Sept. 14, 2009) (noting that Form 18 "is not easy to reconcile. . . with the guidance of the Supreme Court in *Twombly* and *Iqbal*") (ellipsis added); *Sharafabadi v. University of Idaho*, 2009 WL 4432367, *3 n.5 (W.D. Wash. Nov. 27, 2009); *Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 571 n.2 (Fed. Cir. Oct. 6, 2009) (noting that Form 18 "was last updated before the Supreme Court's *Iqbal* decision"); and *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 (Fed. Cir. 2007) (Dyk, J., concurring in part and dissenting in part).

Paragraph 4 of the sample complaint set out at Form 18 requires that the Plaintiff allege compliance with the "the statutory requirement of placing a notice of the letters patent on all [goods] it manufactures and sells . . ."  Here, Synchronoss has made no such allegation nor even advanced a recognition that such a statutory requirement exists.  In addition, Paragraph 4 of

4

Form 18 requires the Plaintiff to allege that it is has "given the defendant written notice of the infringement." Here, the Complaint is devoid of any such allegation. Because Synchronoss has pled neither that it complied with the statutory marking requirement nor that it has given notice to Dashwire, its Complaint fails even the minimal pre-*Iqbal* and *Twombly* pleading requirements as set forth in Form 18. For at least this additional reason, the Complaint should be dismissed.

### III.   CONCLUSION

For all the foregoing reasons, Dashwire respectfully moves this Court to dismiss the Complaint.

Dated this 9th day of February, 2011.    WHYTE HIRSCHBOECK DUDEK S.C.

By: *s/ W. David Shenk*
W. David Shenk
Barbara J. Zabawa
33 East Main Street, Suite 300
Madison, WI 53703-4655
608-255-4440
608-258-7138 (fax)
wshenk@whdlaw.com
bzabawa@whdlaw.com

Philip P. Mann
MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington, 98101
(206) 436-0900
phil@mannlawgroup.com

John Whitaker
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington, 98101
(206) 436-8500
john@wlawgrp.com

*Counsel for Defendant Dashwire, Inc.*