UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____
                                    )
SYNCHRONOSS TECHNOLOGIES, INC.      )
                                    )
            Plaintiff,              )     Case No. 3:11-CV-00002-bbc
v.                                  )
                                    )
DASHWIRE, INC.                      )
                                    )
            Defendant.              )
_____)

**SYNCHRONOSS TECHNOLOGIES, INC.'S OPPOSITION TO DASHWIRE, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") submits this Opposition to the Motion to Dismiss for Failure to State a Claim (the "Motion") filed by Defendant Dashwire, Inc. ("Dashwire").

**I.      Introduction**

The question before the Court is whether Synchronoss has stated a claim for patent infringement by identifying the patents asserted, the product accused of infringement, and the defendant, in the manner suggested by the model complaint in Form 18 of the Federal Rules of Civil Procedure. Dashwire wrongly contends that more is required, relying on the Supreme Court's decisions in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), neither of which are patent cases. Dashwire suggests that *Iqbal* and *Twombly* have somehow superseded Form 18, however, the Federal Circuit and numerous other courts have rejected the idea that a patent complaint is subject to a heightened pleading requirement that exceeds the requirements of Form 18. Dashwire is incorrect and its motion to dismiss must be denied.

1

This Court's standard scheduling order will soon impose deadlines for the service of infringement and invalidity contentions. Dashwire's motion is ill-timed because the Court will soon require the disclosures that Dashwire now seeks. As demonstrated below, the Complaint filed by Synchronoss satisfies each of the relevant pleading requirements and therefore adequately states a claim for patent infringement.

**II.    Dashwire's Motion Must be Denied Because the Complaint Complies with Form 18 and Therefore Satisfies the Pleading Requirements of *Twombly* and *Iqbal*.**

In its Motion, Dashwire misinterprets how the Supreme Court's decisions in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) apply to claims of direct patent infringement. *Iqbal* and *Twombly* require more of the complaint than did *Conley v. Gibson*, 355 U.S. 41 (1957), in that *Iqbal* and *Twombly* require factual allegations that are facially plausible. But a complaint for patent infringement that complies with the five Form 18 requirements, i.e., pleading jurisdiction, ownership, infringement by defendant, notice, and relief sought, satisfies this higher standard. Here, Dashwire does not dispute that Synchronoss' Complaint facially comports with four of these five requirements. The lone disputed Form 18 requirement, "notice," is complied with as a matter of law by filing a complaint. Therefore, Synchronoss has fully complied with each of the Form 18 requirements, as well as the pleading standards of *Iqbal* and *Twombly*. Synchronoss accuses Dashwire of infringing the patents-in-suit with the mIQ product, a facially plausible accusation that clearly satisfies *Iqbal* and *Twombly*. The Court should thus deny Dashwire's Motion.

**A.    Pleadings conforming with Form 18 definitively satisfy *Twombly* and *Iqbal*.**

In its Motion, Dashwire thoroughly confuses the legal standard controlling a motion to dismiss direct infringement claims for failure to state a claim. In its discussion of the Supreme Court's decisions in *Iqbal* and *Twombly*, Dashwire fails to recognize how these decisions apply

2

to claims of direct patent infringement. According to Dashwire, these decisions rendered the patent infringement pleading requirements set forth in Form 18 meaningless. In the aftermath of *Iqbal* and *Twombly*, this argument has been considered and rejected by courts around the country. Courts are in agreement that in order to properly state a claim for direct patent infringement, the plaintiff's complaint needs only to comply with the requirements of Form 18.

"The United States Court of Appeals for the Federal Circuit and a range of district courts have concluded that the sample complaint of Form 18 meets the *Twombly* standard." *Sharafabadi v. Pac. Nw. Farmers Coop.*, No. C09-1043JLR, 2010 WL 234769, at *2 (W.D. Wash. Jan. 14, 2010) (collecting cases). Specifically, "a complaint pleaded in conformity with Form 18 is sufficient to avoid dismissal for failure to state a claim." *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 WL 1974602, at *1 (N.D. Cal. July 8, 2009) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-58 (Fed. Cir. 2007)).

In its Motion, Dashwire asserts that Synchronoss' Complaint "contains nothing more than labels and conclusions." (Motion at 3.) However, Form 18 "does not require extensive factual pleading." *Clear With Computers, LLC v. Hyundai Motor Am., Inc.*, No. 6:09 CV 479, 2010 WL 3155885, at *3 (E.D. Tex. Mar. 29, 2010). "That form, which provides an example for alleging direct patent infringement, requires essentially nothing more than conclusory statements." *Elan Mircoelectrics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sep. 14, 2009). "Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms." *Id.*; *see also Clear With Computers, LLC*, 2010 WL 3155885, at *3. Accordingly, a complaint that "provides the level of detail suggested by Form 18 . . . passes muster." *S.O.I. Tec Silicon v. MEMC Elec. Materials,*

3

*Inc.*, No. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009).[1] While arguing for dismissal, Dashwire has completely ignored the applicability of Rule 84 and case law finding the sufficiency of Form 18. As demonstrated below, these guidelines set forth in the Federal Rules of Civil Procedure confirm that Synchronoss has adequately stated a claim for direct patent infringement.

In fact, the arguments made in Dashwire's Motion reveal why the "conclusory" requirements of Form 18 govern direct infringement claims. In its Motion, Dashwire disputes the accuracy of the identification of the infringing products asserted by Synchronoss. (Motion at 3.) However, and importantly, in order to state a claim for direct infringement a plaintiff is *not* required to identify specific infringing products. *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010). The amount of detail required by Form 18 reflects the realization that a plaintiff only has access to public information when filing a complaint alleging direct infringement. The "specifics," that Dashwire argues should be included in the complaint, are properly determined through discovery. *Id.* Were Dashwire's position to prevail, claims for direct infringement would often be impossible to bring, with plaintiffs having to engage in industrial espionage to obtain sufficient information about the infringing product to assert a claim for infringement. Form 18 alleviates this unfair burden on plaintiffs. *See id.* at 352. For this reason, courts around the country have rejected Dashwire's argument and have determined

---

[1] Even the most recent decisions undercut Dashwire's misapplication of the pleading standards required for direct infringement. *See Automated Transactions, LLC v. First Niagara Financial Group, Inc.*, 1:10-cv-00407-RJA-JJM, 2010 U.S. Dist. LEXIS 141275 (Aug. 31, 2010 W.D.N.Y.) (Report and Recommendation of Magistrate) and *Automated Transactions, LLC v. First Niagara Financial Group, Inc.*, 1:10-cv-00407-RJA-JJM, 2011 U.S. Dist. LEXIS 13691 (Feb. 11, 2011 W.D.N.Y.) (Order adopting Magistrate's findings) (Order confirming Magistrate's analysis and conclusion that for direct patent infringement only Form 18 must be complied with, not the heightened *Iqbal* and *Twombly* requirements).

that pleadings conforming to the requirements of Form 18 definitively satisfy the *Iqbal* and *Twombly* standards.

**B.     Synchronoss' Complaint Satisfies the Pleading Requirements of Form 18.**

Form 18 sets forth the following five requirements for a claim of direct patent infringement:

>    (1) an allegation of jurisdiction;
>
>    (2) a statement that plaintiff owns the patent;
>
>    (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent;
>
>    (4) a statement that the plaintiff has given the defendant notice of its infringement; and
>
>    (5) a demand for an injunction and damages.

*Xpoint Techs., Inc.*, 730 F. Supp. 2d at 352 (citing *McZeal*, 501 F.3d at 1357). As recognized by Dashwire, the first, second, third, and fifth requirements are facially evident in Synchronoss' Complaint. For example: a jurisdiction allegation (Compl. ¶ 3); ownership statements (Compl. ¶¶ 8-12); statements of infringing conduct (Compl. ¶¶ 14, 17, 20, 23, 26); and a demand for relief (Compl. p. 6) are all indisputably contained within the Complaint.

In its Motion, Dashwire merely argues that Synchronoss has failed to satisfy Form 18's "notice" requirement. This argument fails to recognize that by filing the Complaint Synchronoss effectively put Dashwire on notice of its infringement. (*See* Compl. ¶¶ 1-27.) Because the Complaint itself satisfies Form 18's notice requirement, Synchronoss has adequately stated a claim for patent infringement.

There is no requirement that Synchronoss plead compliance with the "Marking Statute," 35 U.S.C. § 287. That statute establishes a limitation on damages stemming from patent infringement. This statute limits recovery of damages to infringement occurring after (1) the

5

plaintiff "marked" his product with the applicable patent number or (2) notified the infringer of his infringing conduct.  35 U.S.C. § 287(a).  In its Motion, Dashwire blithely states that Synchronoss has not "advanced a recognition that such a statutory requirement exists." (Motion at 4.)  However, by seeking dismissal on the grounds that Synchronoss failed to provide "notice," Dashwire has misinterpreted both the purpose of this requirement and how it is fulfilled.

As an initial matter, by its own terms the Marking Statute serves merely as a limitation on damages.  Contrary to Dashwire's misinterpretation, the Marking Statute does not create a pre-filing hurdle that must be satisfied prior to bring suit for patent infringement.  Rather, the alternative events of marking and notice simply define the earliest point at which a plaintiff can recover damages for infringement.  35 U.S.C. § 287(a).

Here, Dashwire's argument for dismissal is defeated by the clear words of the statute itself: "Filing of an action for infringement shall constitute such notice."  35 U.S.C. § 287(a).  The straightforward interpretation of this sentence has led numerous courts to conclude the obvious: the filing of an action satisfies the notice requirement.  *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 770 (S.D. Tex. 2010); *Merck & Co. v. Mediplan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 264 (S.D.N.Y. 2006); *Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp. 2d 19, 26 (D.D.C. 2000).

Dashwire appears to believe, mistakenly, that a sentence in each of the Complaint's infringement counts that states "By filing this Complaint Dashwire is hereby put on notice that it is infringing Plaintiff's patents," is a requirement.  Dashwire is simply incorrect.  The law clearly does not require such a superfluous statement.  On January 4, 2011, Synchronoss notified Dashwire that it was infringing upon its patents by filing this action.  (*See* Compl. ¶¶ 2-27.)  On

6

that same day the Clerk of this Court issued a Summons to Dashwire. (Doc. 2.) By statute, these events put Dashwire on notice of its infringing conduct.

The complaint filed by Synchronoss clearly satisfies each of the five requirements outlined in Form 18. The first, second, third, and fifth requirements are facially evident in the Complaint. The fourth requirement, "notice," is inherently satisfied by the filing of the Complaint itself. Compliance with the five Form 18 requirements definitively satisfies the *Iqbal* and *Twombly* pleading standards. As such, Synchronoss has adequately stated a claim for direct patent infringement.

### III. Conclusion

For the foregoing reasons, Plaintiff Synchronoss Technologies, Inc. respectfully requests that the Court deny Dashwire's Motion to Dismiss for Failure to State a Claim.

Dated this 2nd day of March, 2011.

        *s/ James D. Peterson*
        James D. Peterson
        jpeterson@gklaw.com
        Jennifer L. Gregor
        jgregor@gklaw.com
        Godfrey & Kahn, S.C.
        One East Main Street, Suite 500
        Madison, WI 53701-2719
        Telephone: (608) 257-3911

        Nicholas A. Kees
        nakees@gklaw.com
        Godfrey & Kahn, S.C.
        780 N. Water Street
        Milwaukee, WI 53202
        Telephone: (414) 273-3500

        Mark Hogge
        mark.hogge@snrdenton.com
        Shailendra Maheshwari (admitted *pro hac vice*)

shailendra.maheshwari@snrdenton.com
SNR Denton US LLP
1301 K Street, NW
Washington, D.C. 20005
Telephone: (202) 408-6400

Joel N. Bock (admitted *pro hac vice*)
joel.bock@snrdenton.com
SNR Denton US LLP
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Telephone: (973) 912-7100

Case: 3:11-cv-00002-bbc   Document #: 20   Filed: 03/02/11   Page 8 of 9

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2011 the foregoing:

**Plaintiff's Opposition to Dashwire's Motion to Dismiss for Failure to State a Claim;**

**[Proposed] Order Denying Dashwire, Inc.'s Motion to Dismiss**

was served via ECF on all counsel of record.


Dated this 2nd day of March, 2011.


                                        *s/ James D. Peterson*
                                        James D. Peterson

                                        *Counsel for Plaintiff Synchronoss*
                                        *Technologies, Inc.*


6063930_1