**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

SYNCHRONOSS TECHNOLOGIES, INC.

        Plaintiff,

v.                               CASE NO. 11-CV-02

DASHWIRE, INC.

        Defendant.

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

---

Defendant Dashwire, Inc. ("Dashwire"), through undersigned counsel, submits this reply to Synchronoss Technologies, Inc.'s ("Synchronoss") Opposition to Dashwire's Motion to Dismiss. Dkt 10 and 11.

## SYNCHRONOSS CHOSE THIS VENUE AND NOW MUST LIVE WITH IT

Synchronoss mistakenly suggests that Dashwire is *prematurely* seeking infringement contentions. Given that Synchronoss chose this venue in which to file its complaint, it must live with the consequences. The Western District of Wisconsin is widely recognized as an enormously efficient and rapid jurisdiction in which to file patent cases. That efficiency and speed is only achieved when plaintiffs perform adequate due diligence *before* filing suit. Poorly supported pleadings barren of actual facts are the antithesis of efficient litigation.

For example, Dashwire cannot even tell if it is the right party to this suit. Dashwire does not now nor has it ever had an mIQ product as alleged in the complaint. Thus, the one and *only* fact alleged by Synchronoss in its complaint is false, and Synchronoss did not even attempt to address that glaring error in its opposition. Dashwire has a customer who has an mIQ product.

However, that fact further muddies the analysis because if it is indeed the customer's product that is accused, then Dashwire cannot possibly be liable for direct infringement and Synchronoss has not stated a claim for indirect infringement so its complaint should *still* be dismissed.

Again, if Synchronoss could not even identify one actual Dashwire product, then how can Dashwire prepare a meaningful answer?  How can Dashwire answer whether another entity's product infringes Synchronoss' patents?  If Synchronoss intended to accuse an actual Dashwire product, then which one?  Dashwire is at *minimum* entitled to know which of its actual products, if any, is being accused.  See *Interval Licensing LLC v. AOL, Inc.* 2010 U.S. Dist. LEXIS 131081, *8 (W.D. Wash.) Order dismissing plaintiff's complaint for failing to "identify sufficient facts about the allegedly infringing device to put Defendants on notice of their infringing conduct, as required by *Iqbal* and Form 18.").

Synchronoss actually asserts that an adequate complaint for patent infringement does not even need to identify an actual product.  If a complaint need not even identify what infringes, then how can a defendant possibly prepare an answer?  Such an outrageous position is tantamount to suggesting that a complaint is sufficient if it does nothing except state "You did something wrong, now tell me how you didn't."  If a plaintiff doesn't even know what product infringes, then how can it possibly know that infringement occurred?

## SYNCHRONOSS' COMPLAINT FAILS EVEN FORM 18

Synchronoss asserts that its complaint complies with the pleading standard set forth in Form 18 of the Federal Rules of Civil Procedure.  However, as mentioned above, while Synchronoss' complaint does name *one* product, that product is not even a Dashwire product.  Accordingly, Synchronoss' complaint fails to accuse even a single Dashwire product of infringement. The complaint should be dismissed for that reason alone.

Synchronoss also makes the tongue-in-check assertion that it would be silly to require Synchronoss to state in its complaint that Dashwire is on notice of the infringement because the complaint was filed.  That may be so, but there is nothing superfluous about the requirement in Form 18 that Synchronoss state whether it has complied with the patent marking statute.  If Synchronoss failed to mark its products with any one or more of the asserted patents, then Synchronoss is foreclosed from any award of damages prior to having given Dashwire actual notice of those patents.  35 U.S.C. § 287. Thus, by failing to state whether it has complied with the marking statute, Synchronoss is putting Dashwire to possibly unnecessary discovery concerning the same.  Synchronoss' inadequate complaint, while expedient for Synchronoss, is shifting the burdens established by Form 18 to Dashwire.  For that additional reason, Synchronoss' complaint should be dismissed.

Form 18 is recognized as the bare minimum that must be pled to avoid dismissal under Fed. R. Civ. P. 12(b)(6).  Accordingly, a complaint which fails even the spartan requirements of Form 18, as does Synchronoss' complaint, cannot possibly hope to satisfy the more strict pleading requirements established by *Iqbal* and *Twombley*. See *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, *2 (N.D. Cal.) (noting that Form 18 "is not easy to reconcile. . . with the guidance of the Supreme Court in *Twombly* and *Iqbal*") (ellipsis added); *Sharafabadi v. Univ. of Idaho*, 2009 WL 4432367, *3 n.5 (W.D. Wash.); *Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 571 n.2 (Fed. Cir.) (noting that Form 18 "was last updated before the Supreme Court's *Iqbal* decision"); and *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 (Fed. Cir. 2007) (Dyk, J., concurring in part and dissenting in part).  Accordingly, Synchronoss' complaint should be dismissed.

3

## **CONCLUSION**

Synchronoss' complaint lacks even the bare minimum required by Form 18, and thus cannot possibly satisfy the heightened pleading requirement set forth by *Iqbal* and *Twombley*. Synchronoss' complaint is so spartan and devoid of actual factual allegations that unnecessary discovery has been virtually assured, and inefficient litigation the unavoidable byproduct. Synchronoss' complaint should be dismissed for failing the pleading standard as set forth in both Fed. R. Civ. P. 12(b)(6) and the Supreme Court in *Twombley* and *Iqbal*.

Dated this 14th day of March, 2011.    WHYTE HIRSCHBOECK DUDEK S.C.

    By: *s/ W. David Shenk*
       W. David Shenk
       Barbara J. Zabawa
       33 East Main Street, Suite 300
       Madison, WI 53703-4655
       608-255-4440
       608-258-7138 (fax)
       wshenk@whdlaw.com
       bzabawa@whdlaw.com

       Philip P. Mann
       MANN LAW GROUP
       1218 Third Avenue, Suite 1809
       Seattle, Washington, 98101
       (206) 436-0900
       phil@mannlawgroup.com

       John Whitaker
       WHITAKER LAW GROUP
       1218 Third Avenue, Suite 1809
       Seattle, Washington, 98101
       (206) 436-8500
       john@wlawgrp.com

    *Counsel for Defendant Dashwire, Inc.*