IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYNCHRONOSS TECHNOLOGIES INC.,                    OPINION and ORDER

                 Plaintiff,                             11-cv-002-bbc

    v.

DASHWIRE, INC.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Synchronoss Technologies, Inc. contends that defendant Dashwire, Inc. is infringing five of plaintiff's United States patents. The case is before the court on defendant's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to comply with the pleading standards set forth in Fed. R. Civ. P. 8 and the Supreme Court's decisions in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Because plaintiff's infringement contentions are conclusory and do not state claims that are plausible on their face, I will grant defendant's motion.

1

OPINION

For all five patents, the only allegations in plaintiff's complaint are that "[d]efendant has infringed and is still infringing the [] patent by making, selling, offering for sale, and using the mIQ product, and Defendant will continue to do so unless enjoined by this court." Cpt. ¶¶ 14, 17, 20, 23 and 26, dkt. #1.  Defendant contends that these allegations fail to satisfy the applicable pleadings standards because plaintiff has not explained the underlying technology at issue or identified how defendant has infringed the patents-in-suit.  Also, defendant alleges that because it does not make or sell a product called mIQ, plaintiff has not identified any products offered by defendant that infringe the patents.  In its response brief, plaintiff argues that whether defendant produces and sells the mIQ product is irrelevant, because plaintiff is not required to identify specific infringing products in the complaint.  Plaintiff is wrong, as discussed below.  However, because plaintiff has not withdrawn its allegations against the mIQ product, I must accept as true at this stage that defendant makes and sells the mIQ product.  Nevertheless, I agree with defendant that plaintiff's complaint is inadequate to state an infringement claim against defendant.

Plaintiff contends that its complaint complies with the template for patent complaints set forth in Form 18 of the Federal Rules of Civil Procedure.  Form 18 instructs a plaintiff to identify its patent and allege that one of the defendant's products infringes the patent. In circumstances in which a defendant could determine the basis for the plaintiff's

2

infringement contentions with relative ease, a complaint containing only the information set forth in Form 18 may provide proper notice. However, in cases such as this in which plaintiff is asserting five patents containing between 14 and 85 claims each, such conclusory allegations do not give defendant of notice of how its product infringes the patents. For this reason, this court has stated repeatedly that a plaintiff asserting patent infringement must identify in its pleadings both the allegedly infringing products and the claims of the patent that are being asserted. E.g., AlmondNet, Inc. v. Microsoft Corp, 10-cv-298-bbc, dkt. #23; Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) ("Failing to identify the infringing product in a patent case is akin to failing to identify the retaliatory action in a civil rights case."); Taurus IP, LLC v. Ford Motor Co., 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008) ("[P]laintiff's failure to specify which claims it believes are infringed by a defendant's products places an undue burden on the defendant, who must wade through all the claims in a patent and determine which claims might apply to its products to give a complete response."); Extreme Networks, Inc. v. Enterasys Networks, Inc., 2007 WL 5448209, *2 (W.D. Wis. Dec. 31, 2007) ("[I]f a defendant does not have notice of the asserted claims, it has no notice at all. If it does not know what it is accused of infringing, it cannot possibly prepare a defense.")

   This approach is consistent with the Supreme Court's opinions in Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."), and Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). See also Interval Licensing LLC v. AOL, Inc., 2010 WL 5058620, *3 (W.D. Wash. Dec. 10, 2010) (dismissing complaint that failed to identify accused products with specificity); Bender v. LG Electronics U.S.A.,Inc., 2010 WL 889541, *6 (N.D. Cal. Mar. 11, 2010) (dismissing amended complaint that failed to identify accused products); Bender v. Motorola, Inc., 2010 WL 726739, *3-4 (N.D. Cal. Feb. 26, 2010) (dismissing amended complaint that failed to identify accused products or facts underlying patentee's induced infringement claim).

Plaintiff's complaint does not provide notice to defendant of the grounds for its infringement claim because it does not identify any claims of the five patents that defendant allegedly infringes. Therefore, I will grant defendant's motion to dismiss plaintiff's complaint.

Plaintiff may have until April 21, 2011 to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff chooses to file an amended complaint, it should identify the factual basis of its claims, including defendant's products that allegedly infringe plaintiff's patents and the claims of each of the patents that are being infringed.

One final note. Defendant argues that an independent ground for dismissing

4

plaintiff's complaint is plaintiff's failure to plead both that its goods are marked with its patent numbers and that defendant had notice of its alleged infringement. Defendant points to Form 18 for these requirements. However, Form 18 does not impose pleading requirements; it is merely an example of a patent complaint that would be generally acceptable. Although patent marking and notice may be relevant to the amount of damages available in a patent case, they are not elements of a patent infringement claim and do not have to be pleaded in the complaint. Thus, plaintiff's failure to allege that it marked its products and provided written notice to defendants are not independent reasons to dismiss the complaint.

ORDER

IT IS ORDERED that

1. Defendant Dashwire, Inc.'s motion to dismiss plaintiff Synchronoss Technologies, Inc.'s complaint, dkt. #10, is GRANTED. Plaintiff's complaint is DISMISSED without prejudice.

2. Plaintiff may have until April 21, 2011 to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff fails to file a complaint by that date, the clerk

of court is directed to close this case.

Entered this 8th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6